**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **VANESA NAVARRO,**<br><br>Plaintiff,<br><br>v.<br><br>**JSD CONSTRUCTION GROUP INC., JAMES STANLEY DESIGNS INC.,** and **JAMES STANLEY,** an individual,<br><br>Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. ____________________<br><br>**<u>JURY TRIAL REQUESTED</u>** |

## INTRODUCTION

1. Plaintiff Vanesa Navarro worked as an Architectural Drafter for Defendants' construction and design business for approximately four and a half years. Beginning in or around October 2024, Defendants underpaid her for certain pay periods and did not pay her at all for others. Defendants also did not track her time and would only ever pay her for up to 40 hours a week, even though she did work some overtime. Further, over her period of employment, she was frequently paid late.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants JSD Construction Group Inc., James Stanley Designs Inc., and James Stanley, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law, Articles 6 and 19, N.Y. Lab. Law §§ 190, et seq. and 650, et seq. (hereinafter, "NYLL"). Plaintiff also brings breach of contract claims related to her underpayments to the extent any are not covered by the wage statutes.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. Additionally, this Court has diversity jurisdiction since Defendants are all residents of New York and Plaintiff is a resident of New Jersey, and the amount in controversy exceeds $75,000 as more fully described below. At a minimum she has alleged $24,290 in unpaid straight-time wages, $20,880 in overtime damages, and liquidated damages on both, which already exceeds this threshold before including additional damages for late pay or attorney fees.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* One or more of the Defendants named herein resides in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

### Corporate Defendants

7. Defendant **JSD Construction Group Inc.** (hereinafter "JSD") is a domestic business corporation organized under the laws of the State of New York, doing business within New York County, and which, at all relevant times, operated from 181 Hudson Street, #1-A, New York, New York 10013. The NYS Department of State lists its DOS Process agent as Law Offices of Rachel L. Kaylie, P.C. with an address of 1702 Avenue Z, Suite 205, Brooklyn, NY 11235.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

8. Defendant **James Stanley Designs Inc.** (hereinafter "JS Designs") is a domestic business corporation organized under the laws of the State of New York, doing business within New York County, and which, at all relevant times, operated from 181 Hudson Street, #1-A, New York, New York 10013. The NYS Department of State lists its DOS Process agent as Law Offices of Rachel L. Kaylie, P.C. with an address of 1702 Avenue Z, Suite 205, Brooklyn NY 11235.

9. At all relevant times, the corporate Defendants performed related business activities through unified operations or common control for a common business purpose, and those activities constituted an integrated "enterprise" within the meaning of the FLSA, 29 USC 203(r). Both companies are owned and operated by Defendant Stanley, share resources, and engage in the same or closely related functions.

10. At all relevant times, upon information and belief, the Defendants' enterprise had annual gross revenues in excess of $500,000.

11. At all relevant times, Defendants' enterprise was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12. At all times material to this action, Defendants' enterprise was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant James Stanley**

13. Defendant James Stanley, an individual, resides in New York, New York, upon information and belief.

14. At all times material to this action, Defendant Stanley actively participated in the business of the corporate Defendants.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

15. At all times material to this action, Defendant Stanley exercised substantial control over the functions of the corporate Defendants' employees, including Plaintiff. Among other things, Defendant Stanley hired Plaintiff, set her rate and method of pay, had the authority to hire and fire employees, and supervised and directed Plaintiff's day-to-day work.

16. At all times material to this action, Defendant Stanley was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

17. Defendant Stanley has an ownership interest in and/or is a shareholder of JSD and JS Designs. Upon information and belief, Defendant Stanley is an officer and owner of JSD.

18. Defendant James Stanley is one of the ten largest shareholders of each of JSD and JS Designs.

**Plaintiff Vanesa Navarro**

19. Plaintiff Vanesa Navarro is a resident of Elizabeth, New Jersey.

20. At all times material to this action, Plaintiff Navarro was an "employee" within the meaning of 29 U.S.C. § 203(e) and the NYLL.

21. Plaintiff worked for Defendants from June 28, 2021 to December 10, 2025, under the primary supervision of Defendant Stanley.

22. Defendants paid Plaintiff on an hourly basis.

23. Plaintiff's rate of pay was supposed to have been $30.00 per hour, most recently.

24. Plaintiff generally worked approximately 40 hours per week. Defendants did not track or record her hours.

25. Defendants told Plaintiff that the company would not pay for overtime. Although Defendants accepted the benefit of the additional hours she worked, they did not pay her for those hours at any rate, much less at one and one-half times her regular rate for hours

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

over 40 in a workweek.

26. Beginning in or around October 2024, Defendants paid Plaintiff only part of her earned wages. At times, they paid her for fewer hours than she worked (for example, 31 of 40 hours); at other times, they issued her partial checks (for example, $1,000 at a time); and at still other times, they paid her nothing.

27. During the final period of her employment, Plaintiff went unpaid for several consecutive pay periods, including as many as three weeks in a row.

28. Plaintiff's regular payday was Friday. Defendants paid her by direct deposit and, at times, by company check, and did not provide a pay stub with those checks.

29. Not infrequently, when Defendants paid Plaintiff, the pay was late.

30. In or around early 2025, Defendants reclassified Plaintiff as an independent contractor without notice, although neither her work nor Defendants' control over it changed. At all relevant times, Plaintiff was Defendants' employee.

31. Plaintiff calculates that Defendants owe her at least $24,290 in unpaid straight-time wages, exclusive of any overtime she may have also worked or liquidated damages.

32. Because Defendants were not paying her, Plaintiff gave notice and resigned. Defendants never paid her final wages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

33. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

***Failure To Pay Minimum Wage***

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

34. Defendants failed to pay Plaintiff the minimum wage for all hours she worked, including for workweeks in which Defendants paid her nothing at all, in violation of the FLSA.

***Failure To Pay Overtime***

35. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

36. Defendants did not track Plaintiff's work hours. As a matter of just and reasonable inference, Plaintiff estimates that on average while she may have worked more on some weeks and less on others, that overall she worked around 42 hours a week.

37. June 28, 2021 to December 10, 2025 is 232 workweeks. 2 hours per week x $30/hr x 1.5 x 232 workweeks = $20,880.

***Failure To Abide By the "Prompt Payment" Requirement***

38. Defendants paid Plaintiff irregularly and often late, in violation of the FLSA's implicit "prompt payment" requirement.

***Record-Keeping Failures***

39. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

40. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

41. Defendants were well aware of their obligations under the FLSA and NYLL. In *Reyes v. JSD Construction Group, Inc.*, et al., No. 1:21-cv-03406-BCM (S.D.N.Y.), another former

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

employee of Defendants JSD and Stanley sued them under the FLSA and NYLL, alleging that they failed to pay her at all for hundreds of hours of work, frequently paid her late, and issued her paychecks that were returned for insufficient funds. The Court approved the parties' settlement of that action on May 12, 2022. Defendants nonetheless subjected Plaintiff to the same or similar unlawful pay practices.

42. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

43. As a result of Defendants' violations of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

44. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

45. At all relevant times, Defendants employed Plaintiff within the meaning of the New York Labor Law, §§ 2 and 651.

***Failure to Pay Owed Wages***

46. Defendants failed to pay Plaintiff for all owed wages.

47. Specifically, beginning in or around October 2024, Defendants failed to pay Plaintiff all or part of her earned wages for numerous pay periods.

***Failure To Pay Minimum Wage***

48. By not paying her at all for certain periods of time, Defendants failed to pay Plaintiff the minimum wage for all hours she worked, in violation of NYLL § 652.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

***Failure To Pay Overtime***

49. Defendants failed to compensate Plaintiff at a rate of one and one half times her normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

***Failure To Pay Wages At Prescribed Frequency***

50. The timing and frequency of Plaintiff's pay was improper. Specifically, beginning in or around October 2024, Defendants frequently paid Plaintiff late, paid her only partial wages on her regular paydays, and for several pay periods did not pay her at all. Prior to that, there were times when Defendants paid Plaintiff later than her paydays.

51. Plaintiff was a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

52. Defendants did not consistently pay Plaintiff on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

53. When Plaintiff separated from the company, the employer failed to pay the wages owing in her final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

***Failure to Provide Pay Stubs***

54. For at least some pay periods, including pay periods in which Plaintiff was paid by company check, Defendants failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1-d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

55. Further, Defendants not infrequently provided false paystubs, insofar as the quantity of hours listed on them was not accurate.

***Record-Keeping Failures***

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

56. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

57. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

***Damages***

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover her unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NYLL §§ 198, 663(1).

**As And For A Third Cause of Action:**
**BREACH OF CONTRACT & FREELANCE ISN'T FREE ACT CLAIMS**

59. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

60. Plaintiff agreed to perform certain functions for Defendants, in exchange for certain compensation.

61. Specifically, Defendants agreed to pay Plaintiff $30.00 per hour for all hours she worked.

62. By failing to pay Plaintiff these amounts Defendants breached their contract with Plaintiff.

63. In the unlikely event Plaintiff were to be found not to be an "employee" for any aspect of the time she worked for Defendants, Plaintiff would be entitled to the relief set forth in the Freelance Isn't Free Act.

64. To the extent any of her underpayment claims were to fall outside of the statutes, Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

makes claims under common law breach of contract theory.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of her unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages pursuant to NYLL §§ 198(1-a) and 663;

(D) Award Plaintiff statutory damages pursuant to NYLL § 198(1-d) for Defendants' failure to provide all wage statements;

(E) Award Plaintiff interest;

(F) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G) Award such other and further relief as this Court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **3rd** day of **November, 2026.**

ANDERSONDODSON, P.C.

[signature]

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel
(646) 998-8051 fax

## VERIFICATION

**I declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct.**

Executed on 11/3/2026 at Elizabeth, NJ
(date) (city or other location, and state)

Vanesa Navarro
Printed Name of Plaintiff

[signature]
Signature of Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*